```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| FRED LEVY,<br><br>        Plaintiff,<br><br>    -against-<br><br>BARUCH COLLEGE; NYC<br>DEPARTMENT OF FINANCE,<br><br>        Defendants. | 19-CV-7106 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff brings this *pro se* action and seeks leave to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). On August 19, 2019, the Court directed Plaintiff to submit an amended IFP application because he did not fully answer the questions on the IFP application and failed to provide information on how he pays for his living expenses. In response, on September 20, 2019, Plaintiff submitted a deficient amended IFP application, in which he again failed to fully answer the questions, often providing as an answer "not relevant." On October 4, 2019, the Court denied Plaintiff leave to proceed IFP and directed him to pay the $400.00 in fees within thirty days.

  In response to the Court's October 4, 2019 order to pay the filing fees, Plaintiff submits two letters (ECF Nos. 13, 14) in which he asserts that the Court does not have the authority to deny him the right to proceed IFP. The Court construes the two letters as Plaintiff's request for reconsideration of the Court's order requiring him to pay the filing fees.

  For the following reasons, the Court directs Plaintiff to submit a completed second amended IFP application or pay the $400.00 in filing fees within thirty days.

# DISCUSSION

Under the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of the filing fees, that is IFP, upon a showing that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1). The statute "insure[s] that indigent persons have equal access to the judicial system," *Hobbs v. Cnty. of Westchester*, ECF 1:00-CV-8170, 107, 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002), and courts "have broad discretion to determine whether a litigant has sufficiently demonstrated poverty," *Alli v. Moore*, ECF 1:14-CV-6597, 60, 2015 WL 5821174, at *1 (S.D.N.Y. Sept. 15, 2015) (citations omitted).

Section 1915(e)(2)(A) provides that the Court shall dismiss a case at any time if it determines that "the allegation of poverty is untrue." The purpose of this provision is to "weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (citations and internal quotation marks omitted). "Dismissal of a case with prejudice, in the context of Section 1915, is a harsh sanction that should be resorted to only in extreme cases." *Choi v. Chem. Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996). A Court may dismiss an action under § 1915(e)(2)(A), if a plaintiff intentionally omits his financial information in bad faith in order to obtain IFP status. *See Cuoco*, 328 F. Supp. 2d at 468 (a person acts in bad faith when he intentionally conceals a source of income in order to obtain IFP status)

Plaintiff submitted both an IFP application and an amended IFP application in which he fails to fully answer the questions concerning his finances, responding "private" or "not relevant" to most of the questions, making it impossible for the Court to determine whether he is unable to pay the filing fees. In the letters, Plaintiff fails to provide any additional information on his

finances, instead providing a rambling narrative of his right to proceed IFP, citing to provisions of the Constitution, the Bible, and the New York Bar State Association Rules of Conduct. At this stage, it is unclear whether Plaintiff is simply unable to understand the necessity of providing his financial information to proceed IFP or if he is deliberately concealing sources of income in order to obtain IFP status.

In light of Plaintiff's *pro se* status, the Court will give him another opportunity to demonstrate that he is unable to pay the filing fees. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit a second amended IFP application. If Plaintiff submits the second amended IFP application, it should be labeled with docket number 19-CV-7106 (CM), and address the deficiencies noted in the Court's prior by providing facts establishing that he is unable to pay the relevant fees. Plaintiff must answer each question on the second amended IFP application, state all sources of income and all monthly expenses, and describe how he is able to support himself. If Plaintiff fails to comply with this order the action will be dismissed. If the Court grants the second amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff must either pay the $400.00 in fees or submit a second amended IFP application within thirty days.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: November 26, 2019
       New York, New York

COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

**SECOND AMENDED APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes   ☐ No   (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?  ☐ Yes   ☐ No
   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?  ☐ Yes   ☐ No
   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment    ☐ Yes   ☐ No
   (b) Rent payments, interest, or dividends             ☐ Yes   ☐ No

(c) Pension, annuity, or life insurance payments ☐ Yes ☐ No
(d) Disability or worker's compensation payments ☐ Yes ☐ No
(e) Gifts or inheritances ☐ Yes ☐ No
(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) ☐ Yes ☐ No
(g) Any other sources ☐ Yes ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

| Dated | Signature |
|---|---|
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number | E-mail Address (if available) |