UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRED LEVY,

                Plaintiff,

-against-

BARUCH COLLEGE; NYC DEPARTMENT OF FINANCE,

                Defendants.

19-CV-7106 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    On August 19, 2019, the Court directed Plaintiff, within 30 days, to either pay the $400.00 in filing fees or submit an amended *in forma pauperis* ("IFP") application. After he was granted an extension of time to comply with the Court's order, Plaintiff submitted an amended IFP application that the Court found deficient. On October 4, 2019, the Court denied Plaintiff leave to proceed IFP and directed him to pay the $400.00 in fees within thirty days. Plaintiff then challenged the Court's authority to deny him the right to proceed IFP. On November 26, 2019, the Court informed Plaintiff that under the IFP statute, 28 U.S.C. § 1915, it has broad discretion to determine whether a litigant has sufficiently demonstrated that he or she is unable to pay the fees. But in an abundance of caution – it was unclear whether Plaintiff understood the need to provide his financial information to proceed IFP or if he was deliberately concealing sources of income to obtain IFP status – the Court once again directed Plaintiff to either pay the $400.00 in fees or submit a second amended IFP application.

    In response, Plaintiff requested additional time to comply. On January 8, 2020, the Court granted Plaintiff's request for an extension of time and directed him to submit a second amended

IFP by January 20, 2020 – the specific date he requested. But on January 22, 2020, the Court received a letter Plaintiff, in which he asserts the following, verbatim:

> In reply to your letter of 01/08/2020 where you request I file an amended IFP would be an infringement Of my Constitutional rights. When you put the Bible back into public education, grades K-12, when you Put "The 10 /commandment" back on the court walls and when you institute a Sabbath on Sunday, Jesus Rose on Sunday from the grave, and God made the Heavens and the Earth in 6 days and rested on the Seventh, no work on Sunday only police, fire, sanitation and emergency services should work—every Body else goes to Church to learn about God—because there is a lot they do not know.
>
> Also, all these killings, shootings in school that did not happen in my day—because every one knew God Was in charge and the Bible was looked at with respect—the greatest book ever wrote-and the wised Still.

(ECF No. 19, 1.) Plaintiff also indicates that he needs to add two more employers to his complaint and needs additional time to file charges with the Equal Employment Opportunity Commission relating to the new defendants and obtain another Notice of Right to Sue. He then requests another extension of time to comply with the Court's direction to submit a second amended IFP – until April 2020 – asserting, "I still need an attorney to represent me and tell me whether I should file an amended IFP." (*Id.* at 2.)

For the same reasons stated in the November 26, 2019, the Court's order directing Plaintiff to submit a second amended IFP application does not violate his constitutional rights. In addition, the Court declines to grant Plaintiff another extension of time as he has had ample amounts of time to comply. As Plaintiff has not filed a second amended IFP application or paid the fees, the Court dismisses this action without prejudice.[1] *See* 28 U.S.C. §§ 1914, 1915.

## CONCLUSION

The Clerk of Court is directed to mail this order to Plaintiff and note service on the docket. The Court dismisses this action without prejudice for Plaintiff's failure to submit a

---

[1] Plaintiff may file a new complaint once he is ready. Any new complaint filed should be accompanied with the $400.00 in fees or a fully completed IFP application demonstrating that he is unable to pay the filing fees.

2

completed second amended IFP application or pay the $400.00 in filing fees. *See* 28 U.S.C. §§ 1914, 1915.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 14, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge